J-A11033-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| GINA FORE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANSTIN SHUE | : | No. 1711 MDA 2023 |

Appeal from the Judgment Entered November 13, 2023
In the Court of Common Pleas of York County Civil Division at No(s):
2023-SU-000655

BEFORE:  BOWES, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: MAY 29, 2024**

Gina Fore (Appellant) appeals from the judgment on the pleadings entered against her and in favor of Branstin Shue (Shue).  We affirm.

On March 7, 2023, Appellant, acting *pro se*, filed a civil complaint against Shue relating to her purchase of Shue's truck.  The six-paragraph complaint did not clearly identify a cause of action, but alleged Shue "misrepresented the condition of the truck."  Complaint, 3/7/23, ¶ 3.  Appellant sought damages for "hardships and extra funds spent because of the truck" and for "all the suffering and worry [Appellant] was under…."  ***Id.*** ¶¶ 5-6.  The complaint did not include a notice to defend, ***see*** Pa.R.C.P. 1018.1, and Appellant failed to properly serve Shue with original process.  ***See*** Trial Court Opinion, 1/26/24, at 3 n.2 (citing Pa.R.C.P. 400 and 403).

On May 13, 2023, Appellant sent Shue a ten-day notice of intent to enter a default judgment. *See* Pa.R.C.P. 237.1. Less than ten days later, on May 18, 2023, Appellant filed a praecipe to enter a $27,000 default judgment against Shue. On May 30, 2023, Shue filed a petition to open the judgment. The trial court granted Shue's petition to open, and he thereafter filed an answer and new matter. Appellant filed a reply to Shue's new matter, which referenced attached exhibits but failed to admit or deny Shue's averments.

On August 7, 2023, Appellant filed a "Motion to present the case in trial." The trial court denied the motion that same day, but directed Appellant's attention to the local rules of court and advised her to file the appropriate document to list the case for arbitration. Order, 8/7/23; *see also* Trial Court Opinion, 1/26/24, at 4 n.3 (observing that local rules require compulsory arbitration where amount in controversy was less than $50,000).

On August 9, 2023, Shue filed a motion for judgment on the pleadings, arguing Appellant's complaint failed to state a claim upon which relief could be granted. On September 15, 2023, Shue filed a praecipe to list the motion for disposition without oral argument, noting Appellant had filed no response. On October 27, 2023, Appellant filed a "Request for hearing" in which she requested "a court date to plead my case," but made no reference to the pending motion for judgment on the pleadings.

On November 13, 2023, the trial court entered an order and opinion granting Shue's motion for judgment on the pleadings and dismissing

Appellant's complaint. The order also denied as moot Appellant's October 27, 2023, request for a hearing.

Appellant timely appealed. The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal, and Appellant thereafter filed a concise statement.[1] The trial court filed an additional opinion under Rule 1925(a).

Appellant presents ten issues for our review:

> 1.  How can [Appellant] have a fair trial when [Shue's] lawyer does not follow the process of having someone served with papers?
>
> 2.  How can the court allow for the default judgment to be opened when [Shue] chose not to do anything?
>
> 3.  Did the court deny [Appellant her] rights to be heard in the court of law?
>
> 4.  How can the court say [Appellant has] not proven [her] case when [Appellant] was not given a court date to make [her] case?
>
> 5.  Can any of the filings and orders stand when [Appellant] was not able to respond to them?
>
> 6.  How could [Appellant] get all the documents needed for [her] case when the subpoena was not answered?

---

[1] Appellant's January 23, 2024, concise statement was not filed within 21 days of the trial court's December 19, 2023, order, and was therefore facially untimely. However, the trial court's order did not specify where Appellant could mail or serve her concise statement in person, as is required by Pa.R.A.P. 1925(b)(3)(iii). Accordingly, we decline to deem Appellant's claims waived on appeal. *Linn v. Perrotti*, 308 A.3d 885, 888 (Pa. Super. 2024) ("It would be inequitable to deem issues waived on appeal due to the untimely filing of a 1925(b) statement where the trial court's order to file the statement does not comport with the requirements of Rule 1925(b).").

7.     Did [Shue's] lawyer fail to head to *[sic]* the subpoena?

8.     How can the courts make a judgment on proceedings when they did not look at all the documents filed and accepted by the courts?

9.     Were all the requirements met for fraudulent misrepresentation?

10.     Were all the requirements met to prove breach of contract?

Appellant's Brief at 4-5 (unpaginated) (issues reordered for ease of disposition).

Preliminarily, we observe that

although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. A *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. Any layperson choosing to represent himself or herself in a legal proceeding must, to some reasonable extent, assume the risk that his or her lack of expertise and legal training will prove his or her undoing.

**Smithson v. Columbia Gas of PA/NiSource**, 264 A.3d 755, 760 (Pa. Super. 2021) (citations, quotation marks, and brackets omitted). "Briefs … shall conform in all material respects with the requirements of" the Pennsylvania Rules of Appellate Procedure "as nearly as the circumstances of the particular case will admit." Pa.R.A.P. 2101. If the defects in an appellant's brief "are substantial, the appeal … may be quashed or dismissed." **Id.**

Here, the defects in Appellant's brief are substantial. Appellant includes few citations to legal authorities or the record below,[2] and she fails to organize her argument section to correspond with the questions presented.[3] Some of the questions presented are not addressed in Appellant's argument, while most of her argument is devoted to issues not raised in her Rule 1925(b) statement.[4] Nevertheless, we will attempt to address "the arguments that can reasonably be discerned from this defective brief." ***Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa. Super. 2003).

In her first issue, Appellant argues Shue failed to properly serve her with filings throughout the case, and asserts this failure should result in the reinstatement of her default judgment against Shue. Appellant's Brief at 8, 16. Appellant argues Pa.R.C.P. 403 required Shue to serve Appellant by certified mail with a signed return receipt. ***Id.*** at 16; ***see also*** Pa.R.C.P. 403

---

[2] "Each distinct issue in the argument section of a brief must, at a minimum, contain 'citations of authorities as are deemed pertinent.'" ***Commonwealth v. Pi Delta Psi, Inc.***, 211 A.3d 875, 883 (Pa. Super. 2019) (quoting Pa.R.A.P. 2119(a)). When an appellant "cites no pertinent authority to substantiate [her] claim … appellant's issue is waived." ***Id.*** (citation and quotation marks omitted).

[3] "The argument [section] shall be divided into as many parts as there are questions to be argued; and shall have as the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein…." Pa.R.A.P. 2119(a).

[4] "It is well-established that any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review." ***Commonwealth v. Bonnett***, 239 A.3d 1096, 1106 (Pa. Super. 2020).

("If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent."). However, as the trial court noted, Rule 403 applies only to situations in which a plaintiff is authorized to serve a defendant with original process by mail. Trial Court Opinion, 1/26/24, at 5 (citing Pa.R.C.P. 403). Under Pa.R.C.P. 440, "[c]opies of all legal papers other than original process" may be served on an unrepresented party by regular mail "at the address … endorsed on an appearance or prior pleading … of the party." Pa.R.C.P. 440(a)(2)(i). Our review of the record discloses Shue properly served Appellant with his filings by regular mail, at the address Appellant provided in her complaint. Therefore, Appellant's first issue merits no relief.

In her second issue, Appellant asserts the trial court erred in opening the default judgment "because [Shue] chose to wait 81 days before doing anything." Appellant's Brief at 9. Appellant devotes only one sentence to this issue and cites no supporting authority. *Id.* The trial court correctly observed that Appellant's default judgment was void *ab initio* because her complaint did not contain a notice to defend, and because she "entered judgment by default prior to the tenth day after issuance of the notice of default…." Trial Court Opinion, 1/26/24, at 3 (citing Pa.R.C.P. 1018.1 and 237.1); *see also id.* at 3 n.2 (noting Appellant also failed to effectuate proper service of original process). Under these circumstances, the trial court properly concluded it

"had no recourse but to open the judgment." *Id.* at 3; *see also Mother's Rest., Inc. v. Krystkiewicz*, 861 A.2d 327 (Pa. Super. 2004) (holding default judgment was void *ab initio* where plaintiff's complaint did not contain a notice to defend); *Erie Ins. Co. v. Bullard*, 839 A.2d 383, 387 (Pa. Super. 2003) (a default judgment is void *ab initio* where the record reflects a plaintiff's "failure to comply with Rule 237.1."). Accordingly, Appellant's second issue merits no relief.

In Appellant's third, fourth, and fifth issues, she argues she was denied "her rights to be heard," was not given a court date, and was not able to respond to unspecified filings and orders. Appellant's Brief at 4-5, 9, 16. She asserts "every time I asked for a court date … [t]hey claim[ed] there was no law or reason to hold a hearing…." *Id.* at 16. Without citing any authority, Appellant maintains she "should have gotten a hearing." *Id.* at 16-17.

As set forth above, when denying Appellant's "Motion to present the case in trial," the trial court advised Appellant to consult the local rules and list the case for an arbitration hearing. *See* Order, 8/7/23. Our review of the record discloses Appellant never sought to list the case for an arbitration hearing, nor did she take any action that would have merited any other type of hearing. Therefore, these issues merit no relief.

In her sixth, seventh, and eighth issues, Appellant challenges Shue's alleged failure to answer a subpoena and the trial court's alleged failure to "look at all the documents filed and accepted by the courts." Appellant's Brief

at 4-5. Though set forth as questions presented, these issues are not mentioned elsewhere in Appellant's brief. Accordingly, they are waived. **See Commonwealth v. Freeman**, 128 A.3d 1231, 1249 (Pa. Super. 2015) ("The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119."). Even if not waived, however, Appellant's issues would not merit relief.

The trial court correctly observed that Appellant's subpoena was defective. Trial Court Opinion, 1/26/24, at 6 n.5. Moreover, any documents Appellant might have obtained via subpoena or discovery would have been irrelevant to the disposition of Shue's motion for judgment on the pleadings. **Id.** at 5-6; **see also Tibbitt v. Eagle Home Inspections, LLC**, 305 A.3d 156, 159 (Pa. Super. 2023) (in ruling on a motion for judgment on the pleadings, a court "confines its consideration to the pleadings and documents properly attached thereto."). Finally, the trial court considered all the appropriate documents in ruling on the motion for judgment on the pleadings. **See** Trial Court Opinion, 11/13/23, at 11.

In her ninth and tenth issues, Appellant argues she met "all the requirements" to prove fraudulent misrepresentation and breach of contract. Appellant's Brief at 5, 12-15. Appellant failed to raise these issues in her Rule 1925(b) statement and therefore, they are waived. **Bonnett**, 239 A.3d 1096, 1106 (Pa. Super. 2020). Even if not waived, they merit no relief. Appellant asserts all the elements of fraudulent misrepresentation and breach of

contract are met, but relies on a recitation of facts not alleged in her complaint. Appellant's Brief at 9-15. Appellant's brief fails to cite her complaint and address where it demonstrated the elements of any cause of action. The trial court properly concluded Appellant's pleadings failed to state any cause of action. Trial Court Opinion, 11/13/23, at 12-14; ***see also Monroe v. CBH20, LP***, 286 A.3d 785, 796 (Pa. Super. 2022) (*en banc*) ("Judgment on the pleadings may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law." (citation omitted)).

For the reasons set forth above, none of Appellant's issues merit relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/29/2024